| | |
|---|---|
| 1 | Glenn H. Wechsler, State Bar No. 118456 |
| | Lawrence D. Harris, State Bar No. 153350 |
| 2 | LAW OFFICES OF GLENN H. WECHSLER |
| | 1646 N. Main Street, Suite 450 |
| 3 | Walnut Creek, California 94596 |
| | Telephone: (925) 274-0200 |
| 4 | Email: *larry@glennwechsler.com* |
| 5 | Attorneys for Defendant |
| | RESIDENTIAL CREDIT SOLUTIONS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HOMSY, | ) CASE NO. 3:13-cv-01608-LB |
| | ) |
| Plaintiff, | ) Referred to: Hon. Laurel Beeler |
| | ) Magistrate Judge |
| vs. | ) |
| | ) **NOTICE OF MOTION AND** |
| BANK OF AMERICA, N. A., et al., | ) **MOTION TO DISMISS FOR** |
| | ) **FAILURE TO STATE A CLAIM;** |
| Defendants. | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES; REQUEST FOR** |
| | ) **JUDICIAL NOTICE; PROPOSED** |
| | ) **ORDER [FRCP 8(A) & (D); 9(B);** |
| | ) **12(B)(6); FRE 201]** |
| | ) |
| | ) Date:        June 6, 2013 |
| | ) Time:        9:30 a.m. |
| | ) Courtroom:   C, 15th Floor |
| | ) Trial Date:  None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 6, 2013, at 9:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom C of the above-entitled Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. (hereinafter "RCS" or "Defendant") will move the Court pursuant to Fed. Rule of Civ. Proc. 12(b)(6) for an order dismissing Plaintiff's Complaint, filed in the Superior Court for the County of San Francisco, California

on March 11, 2013 ("Complaint") and removed to this Court on April 9, 2013, and all claims against Defendant RCS contained therein *with prejudice.*

The grounds for this motion are (1) that Plaintiff has failed to state a claim against RCS upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (2) that the Complaint fails to present a "short and plain statement" of the Plaintiff's claims [Fed. Rule Civ. Proc. 8(a)] and is not "simple, concise and direct" [Fed. Rule Civ. Proc. 8(d)]; (3) the fraud claims are not pled "with particularity" [Fed. Rule Civ. Proc. 9(b)]; and (4) that the defects in the Complaint are such that the defects are incurable and the Complaint is incapable of amendment, and that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief; and that therefore the Complaint, and all of the claims against Defendant therein contained, should be dismissed *with prejudice.*

The motion will be based on this notice, the memorandum of points and authorities and Request for Judicial Notice filed concurrently herewith, the Court's files and records herein and such other and further matters as may be presented to the Court prior to or at hearing on this matter.

DATED: April 22, 2013                LAW OFFICES OF GLENN H. WECHSLER


By: ___/s/ Lawrence D. Harris___
    LAWRENCE D. HARRIS

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

The Complaint is a form complaint which is typically used by *pro se* litigants seeking to avoid foreclosure, usually without reference to the pertinent facts. It does not include "a short and plain statement" of the basis for relief against RCS, and thereby violates Fed. Rule Civ. Proc. 8(a). Furthermore, the Complaint is not "simple, concise and direct" and therefore violates Fed. Rule Civ. Proc. 8(d). The Complaint contains mostly unsupported conclusions and inferences rather than facts, and fails to state any claim against Defendant RCS, all of which are barred *as a matter of law*. Plaintiff is attempting to impede a foreclosure and compel a loan modification, but has not alleged that RCS is the lender, loan servicer, beneficiary or assignee. Under California and federal law, a loan modification cannot be imposed or compelled. There are no charging allegations against RCS besides vague claims against "defendants" in general. Plaintiff has no chance of proving any "set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 335 U.S. 41, 45-46 (1957), and the Complaint is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Sufficient grounds exist for the court to find that Plaintiff cannot possibly succeed on the merits of his claims, and therefore the Complaint should be dismissed *with prejudice*.

## II. REQUEST FOR JUDICIAL NOTICE

Defendant Bank of America, N. A. ("BofA") has filed a Request for Judicial Notice ("Bank's Request for Judicial Notice") in support of its motion to dismiss [Docket Nos. 6 & 7]. RCS would like the Court to take notice of the same documents, and has filed together herewith its own Request for Judicial Notice, which includes some of the same documents included in the Bank's request.

## III. STATEMENT OF FACTS

Plaintiff GEORGE HOMSY ("Plaintiff") is the owner of certain real estate described in the Complaint and commonly known as 601 LaSalle Avenue, San Francisco, California ("Property") [Complaint 2:2-5]. Plaintiff executed a promissory note on or about March 29, 2005, secured by a deed

of trust ("Deed of Trust"), which was recorded in the real estate records of the County of San Francisco, California on March 31, 2005 [Complaint ¶¶24, 26; Request for Judicial Notice, Deed of Trust]. Pursuant to the Deed of Trust, Plaintiff is the "Borrower," COUNTRYWIDE HOME LOANS, INC. ("Wells Fargo") is the "Lender," MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") is the "Beneficiary" thereunder, and RECONTRUST COMPANY, N. A. ("ReconTrust") was the original trustee.  The Deed of Trust was assigned by MERS to THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-19CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-19CB ("Bank of New York") by Assignment of Deed of Trust recorded in the real estate records on August 6, 2012 [Request for Judicial Notice, Assignment of Deed of Trust].  ReconTrust recorded a "Notice of Default and Election to Sell" under the Deed of Trust, together with the "Notice of Default Declaration" on September 17, 2012 [Complaint ¶26, Request for Judicial Notice, Notice of Default & Declaration].  ReconTrust recorded a Notice of Trustee Sale on December 26, 2012 [Complaint ¶26; Request for Judicial Notice, Notice of Trustee Sale].  The initial sale date set forth in the Notice was January 16, 2013.  Plaintiff has not alleged that the Property has been sold.

## IV.  LEGAL ARGUMENT

### A. Plaintiff's allegations are not "plausible" and fail to state a claim.

Fed. Rule of Civ. Proc. 12(b)(6) provides for dismissal if the plaintiff "fails to state a claim upon which relief can be granted."  The traditional standard for such motions is that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson* 335 U.S. 41, 45-46 (1957).  The modern standard is that a properly pled complaint must at least be "plausible on its face" and plaintiffs must "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint.1 A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law.2 Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." 3 "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."4 A motion to dismiss admits all well pleaded facts, but does not admit facts which the court will judicially notice as not being true. *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. Cal. 1953) 209 F.2d 380, 384.

> The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. ***Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.***
>
> [*In re: Gilead Sciences* (9th Cir. 2008) 536 F.3d 1049, 1055].
>
> As the Supreme Court has stated:
>
> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. ***Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*** … Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, ***but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.*** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.
>
> [*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950, 77 USLW 4387 (U. S., 2009)]

---

1 *Cairns v. Franklin Mint Co.*, 27F.Supp.3d 1013, 1023 (C.D. Cal. 1998).
2 *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).
3 *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.)(citation omitted).
4 *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

When it is clear from currently available evidence [the exhibits to the complaint and documents of which the court may take judicial notice] that Plaintiff cannot state a claim as a matter of law, discovery would be futile and pointless, and the case should be dismissed at the pleading stage. The complaint contains few if any factual allegations but rather is full of factual errors, and contradictory and conclusory statements. The Complaint does not include "a short and plain statement" of the basis for relief and therefore violates Fed. Rule Civ. Proc. 8(a); and is not "simple, concise and direct" and therefore violates Fed. Rule Civ. Proc. 8(d). Dismissal is appropriate when the operative pleading is "patently verbose, confusing and rambling," *Mendiondo v. Centinela Hosp. Med. Cntr.*, 521 F.3d 1097, 1105, fn. 4, or where the pleading is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Desardouin v. UPS, Inc.*, 285 F. Supp.2d 153, 157 (D. Conn. 2003).

While it is true that pleadings by *pro se* litigants are held to a less stringent standard that those prepared by attorneys [*Erickson v. Pardus*, 551 U. S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L. Ed.2d 251 (1976], *pro se* litigants are not relieved of the obligation to allege sufficient facts to state a claim and to do so under the "plausibility" standard [*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009)]. As more fully set forth below, Plaintiff's claims are not "plausible" and he cannot state a claim under the facts alleged, even if granted leave to amend. Leave to amend should be denied where it is absolutely clear that a *pro se* plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint. *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). The complaint, and all the claims set forth therein against Defendant RCS, should be dismissed *with prejudice*.

### B. Plaintiff's complaint is a sham pleading.

Defendant BofA alleges in its motion to dismiss [Docket No. 6] that the Complaint herein is a form complaint, and attaches to its Request for Judicial Notice [Docket No. 7, Exhibits A & B] copies of identical complaints filed in other cases. RCS adopts and joins in this argument, and the undersigned counsel has represented various lenders in other cases in which the same form pleading was filed by *pro se* litigants. Further evidence that the Complaint is a sham pleading is Plaintiff's citing Civil Code §2923.5, which he states *will expire* on January 1, 2013, three months before the complaint was filed [Complaint ¶13]. While the statute was extended, amended and reauthorized, the date of expiry of the original statute had already passed when Plaintiff stated that it "will expire on January 1, 2013."

### C. Plaintiff's claims of violations of Cal. Civil Code §2923.5 are misdirected at RCS, and are further evidence of a "sham" pleading.

Plaintiff's claims of statutory violations are lacking in any specifics, and fail to make any charging allegations as to RCS. Plaintiff alleges that RCS is the "second original lender for Plaintiff's Deed of Trust Deed and Note" [Complaint ¶2]. This allegation is unintelligible – there is no such thing as a "second original" lender. Plaintiff does not allege that RCS is either the "mortgagee, trustee, beneficiary or authorized agent" of the lender [Complaint ¶¶14(c), 15(1); Civil Code §§2923.5(g)]. Plaintiff alleges variously that the lender declaration required by the statute is either "missing" or is "improper" [Complaint ¶¶7, 14(b)]. Obviously, a "missing" document cannot be "improper" – it is nonexistent. The declaration is actually not "missing" at all, but is attached to the Notice of Default that was recorded on September 17, 2012. The declaration was executed by BofA, not RCS [Request for Judicial Notice, Notice of Default]. Plaintiff attacks the sufficiency of the declaration, contending that "the declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant has any personal knowledge..." [Complaint ¶¶14(b); 19].

This allegation is factually incorrect and fails as a matter of law. The declarant states in the first paragraph of the declaration that "I... declare under penalty of perjury...". Furthermore, there is nothing in the cited statute requiring a "declaration" complying with CCP §2015, and case law is to the contrary: "The idea that this 'declaration' must be made under oath must be rejected... if the Legislature wanted to say that the statement required in section 2923.5 must be under penalty of perjury, it knew how to do so" [*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 233]. The *Mabry* case also held (at p. 235-236) that a declaration which "tracks the statute" is sufficient. A lender cannot be compelled to modify any particular loan. "[T]here is no *right*, for example, under the statute, to a loan modification" [*Mabry, supra* at 218]. See also *Ortiz v. Accredited Home Lenders, Inc.* (S.D. Cal. 2009) 639 F. Supp.2d 1159, 1166 ("the statute does not require a lender to actually modify a defaulting borrower's loan but rather requires *only contacts or attempted contacts* in a good faith effort to prevent foreclosure" [emphasis added]); see also *Farner v. Countrywide* (S.D. Cal. 2009) 2009 U. S. Dist. LEXIS 5303 at *4-*5.

Plaintiff also contends that the "pre-publication period" of the Notice of Default should have been extended by 90 days pursuant to Civil Code §2923.52 [Complaint ¶24], but that statute expired on January 1, 2011, almost a year before the Notice of Trustee Sale was issued [Civil Code §2923.52(e)]. The Notice of Trustee Sale was issued on December 21, 2012, and the sale was initially set for January 16, 2013. Even if the statute was in still in effect, Plaintiff has already received an additional 90 days' notice and more. As for the claims for violations of the companion statute Civil Code §2923.6, that section creates no duty in favor of a borrower, and no private right of action. [*Quinteros v. Aurora Loan Services* (2010) 740 F.Supp.2d 1163, 1174; *Rodriguez v. JP Morgan Chase & Co., et al.* (2011) 809 F.Supp.2d 1291, 1296]. The statute was amended in 2009 to provide that any duties created in the statute are in favor of "all parties in the loan pool or investors in the pooling and servicing agreement," not in favor of borrowers [CC §2923.6(a)]. Plaintiff's claims that the declaration is "missing" while

criticizing the form and content of the declaration indicate that these allegations were made in an attempt to misrepresent the facts. The motion should be granted.

### D. Plaintiff fails to allege fraud "with particularity" and the allegations have nothing to do with fraud.

Plaintiff pleads or attempts to plead three causes of action sounding in fraud, the second, third and fifth causes of action. Under Fed. Rule of Civ. Proc. 9(b), fraud must be pled "with particularity." Under federal law, at a minimum, a complaint must allege (1) the time, place and contents of the alleged misrepresentations, (2) how the statements were fraudulent, (3) the identity of the person making the misrepresentations, (4) how the misrepresentations misled the plaintiff, and (5) how the defendant gained from the fraud [See *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)]. None of these essential elements of a fraud claim have been alleged. There are no allegations of misrepresentations or other fraudulent acts by RCS in particular, and the claims are more in the nature of a lack of authority or lack of standing to foreclose than a claim of fraud. For instance, Plaintiff alleges that ReconTrust "are not the legal owners of the Note and Deed of Trust..." [Complaint ¶27]. In the same vein is the allegation that "there was never an assignment from Defendants BOFA or RESIDENTIAL to RECON" [Complaint ¶64]. These are obviously not allegations against RCS, but they are also nonsensical. A trustee need not be the "legal owner" or assignee of the note or deed of trust to initiate foreclosure. ReconTrust is *the trustee of the Deed of Trust* and therefore has authority to prosecute the foreclosure proceedings [Civil Code §2924(a)(1)].

Plaintiff also allege violations of Civil Code §2932.5, claiming that the "San Francisco Recorder's Office does not contain any evidence of a recorded assignment from Defendants BOFA or Residential" [Complaint ¶34]. This is also nonsensical gibberish, as neither defendant is alleged to be the lender, beneficiary or assignee. The Deed of Trust has in fact been assigned, but not to RCS or the Bank. The assignee is Bank of New York, which was not named as a party defendant [Request for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS – PAGE 7 OF 10
CASE NO. 3:13-cv-01608-LB

Judicial Notice, Assignment of Deed of Trust]. Furthermore, the cited statute does not apply to deeds of trust at all. "It has been established since 1908 that this statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale *applies only to a mortgage and not to a deed of trust*" [*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122]. See also *Haynes v. EMC Corp.* (2012) 205 Cal.App.4th 329, 336 ("…where a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded").

Plaintiff's invocation of the UCC is similarly unavailing [Complaint ¶31]. Article 3 of the Commercial Code relates to "negotiable instruments" and is inapplicable to foreclosure proceedings. Cal. Comm. Code §3301, when it refers to an "instrument," is referring to a negotiable instrument such as a note, not a security instrument like a deed of trust. In *Debrunner v. Deutsche Bank National Trust Co.* (2012), 204 Cal. App. 4th 433, 440-441 (emphasis added), the Court stated as follows:

> Plaintiff's reliance on the California Uniform Commercial Code provisions pertaining to negotiable instruments is misplaced. ... 'There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure. Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale." (*Lane v. Vitek Real Estate Industires Group, supra*, 713 F.Supp.2d at p. 1099.) Likewise, we are not convinced that the cited sections of the California Uniform Commercial Code (particularly § 3301) displace the detailed, specific, and comprehensive set of legislative procedures the Legislature has established for nonjudicial foreclosures.

Plaintiff's causes of action for fraud, intentional misrepresentation and violations of Cal. Civil Code §1572 each fail to meet the pleading standards for fraud. The motion should be granted.

### E. The Truth in Lending claims are time-barred, and RCS is not the lender.

Plaintiff cannot state a claim under the Truth in Lending Act ("TILA") against RCS, because Plaintiff's claim is time-barred. 15 U.S.C.A. § 1635(f) provides that "an obligor's right of rescission shall

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS – PAGE 8 OF 10
CASE NO. 3:13-cv-01608-LB

*expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first…"*. The subject loan was "consummated" (i.e., the loan closed) on March 29, 2005, and the statute of limitations for rescission under TILA has passed [*King v. California* (9th Cir., 1986) 784 F.2d 910, 913]. Furthermore, RCS is not a proper party to this claim. RCS holds no beneficial interest in the loan documents or the Property, and is not a "creditor" as that term is defined in 15 U.S.C. §1602(f):

> the term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

RCS is not the lender or "creditor," and did not make the loan. RCS is not covered by the statute, and the claim is time-barred. The motion should be granted.

### F. The cause of action under California's "Unfair Competition Law" fails to state a claim.

Since Cal. Bus. & Prof. Code §17200 is written in the disjunctive, it establishes three varieties (or "prongs") of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. See, e.g., *Bernardo v. Planned Parenthood Federation of America*, (2004) 115 Cal.App.4th 322; and *Shvarts v. Budget Group, Inc.*, (2000) 81 Cal.App.4th 1153. Unlawful acts or practices should always be alleged in terms of the specific law or laws violated, making clear that violation of law is a basis of the claim. See, e.g., *People v. McKale*, (1979) 25 Cal.3d 626; and *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, (N.D. Cal. 1997) 983 F.Supp. 1303. Fraudulent acts or practices must be set forth with specificity as to the misrepresentation or misleading conduct. See, e.g., *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, (1998) 19 Cal. 4th 26; and *Committee on Children's Television, Inc. v. General Foods Corp.*, (1983) 35 Cal.3d 197. Unfair acts or practices should be alleged in accordance with a statutory basis or else the nature of the anti-competitive conduct should be described. [*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619].

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS – PAGE 9 OF 10
CASE NO. 3:13-cv-01608-LB

Plaintiff has not even come close to meeting the pleading requirements set forth in *Khoury* and the other authorities cited above. Plaintiff has not alleged any violations of statute *by RCS in particular* or stated a claim under any other statute, a predicate for Plaintiff to prevail on a cause of action for unfair business practices under Bus.& Prof. Code §17200. See *Rubio v. Capital One Bank (USA), N. A.* (C.D. Cal., 2008) 572 F.Supp.2d 1157, 1168. Plaintiff has not alleged any wrongful act by RCS, or even any role in the foreclosure proceedings. Furthermore, Plaintiff lacks standing to bring this claim. "Now, under section 17204, standing for a private person under the UCL is limited to a 'person who has suffered injury in fact and has lost money or property as a result of the unfair competition.'" [*McAdams v. Monier, Inc.* (2010) 182 Cal.App.4th 174, 188]. Plaintiff alleges in conclusory fashion that "Plaintiff has lost money or property and has suffered an injury in fact" [Complaint ¶65]. This is a merely a "formulaic recitation" of the statutory requirements, which fail to meet the pleading standards under the federal rules [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]. Plaintiff has alleged no "injury in fact," and the Property has not been sold. Plaintiff lacks standing to bring this claim. The motion should be granted.

V. **CONCLUSION**

Plaintiff's claims are entirely without merit and unsustainable, and the complaint is a sham pleading containing erroneous, conclusory and contradictory allegations. Plaintiff cannot succeed under these facts and these theories and "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley, supra*. The Complaint is not "plausible on its face." *Twombly, supra*. Accordingly, the entire complaint fails to state a claim on which relief can be granted, and Plaintiff could not state a claim even if granted leave to amend the complaint or to refile the complaint. The motion should be granted and this case should be dismissed *with prejudice*, at least as to Defendant RCS.

DATED: April 22, 2013          LAW OFFICES OF GLENN H. WECHSLER

By:   */s/ Lawrence D. Harris*
      LAWRENCE D. HARRIS