UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GEORGE HOMSY, | No. C 13-01608 LB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., fka COUNTRYWIDE HOME LOANS; RESIDENTIAL CREDIT SOLUTIONS; RECONSTRUST COMPANY, N.A.; and DOES 1 through 50 inclusive, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff George Homsy sued Defendants Bank of America, N.A., fka Countrywide Home Loans ("BOA"), Residential Credit Solutions ("RCS"), and Recontrust Company, N.A. ("Recontrust") (collectively, "Defendants") for violation of federal and state law in connection with pending foreclosure proceedings against his property in San Francisco, California. Complaint, ECF No. 1 at 12.[1]

Before the court are Defendants' two motions to dismiss Mr. Homsy's Complaint. Motion (BOA and Recontrust), ECF No. 6; Motion (RCS), ECF No. 9. For the reasons explained below, the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the page number at the top of the page.

C 13-01608 LB
ORDER

court GRANTS Defendants' motions.[2]

**STATEMENT**[3]

On March 29, 2005, Mr. Homsy borrowed $276,500.00 from Countrywide Home Loans, Inc., that he secured with a promissory note and a deed of trust (the "Deed") on property located at 601 La Salle Avenue, San Francisco, California (the "Property"). *See* RJN, ECF No. 10 at 5; Compl., ECF No. 1, at 13-14.[4] The Deed names Recontrust Company, N.A. as the Trustee. *Id.* at 6. The Deed also names Mortgage Electronic Registrations Systems, Inc. ("MERS") as the beneficiary under the Deed and the "nominee for Lender and Lender's successors and assigns." *Id.*

## I. FACTS ESTABLISHED THROUGH JUDICIALLY NOTICED DOCUMENTS

On March 15, 2012, MERS assigned the Deed to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate holders of CWALT, Inc., Alternative Loan Trust 2005-19CB, Mortgage Pass-Through Certificates, Series 2005-19CB ("Bank of New York"). *See* RJN,

---

[2] The court finds this matter suitable for disposition without oral argument under N.D. Cal. Civil L.R. 7-6 and VACATES the hearing previously scheduled for June 6, 2013.

[3] The facts in this section are taken from the complaint and from public-record documents that the defendants asked the court to judicially notice (without any opposition from Plaintiff). *See* ECF Nos. 7, 10. In considering a motion to dismiss, the court can consider material outside the pleadings that is properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A court may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. *See Lee*, 250 F.3d at 689-90; *see also Muhammad v. California,* No. C-10-1449-SBA, 2011 WL 873151, at *4 (N.D. Cal. Mar. 11, 2011) (denying request for judicial notice of an address contained on a complaint filed in another case because the "underlying facts relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule 201").

[4] The Complaint alleges that Mr. Homsy financed the Property "and on December 26, 2012 through Defendant B OF A, by virtue of a Trust Deed and Notes securing the Loans." *See* Compl., ECF No. 1, ¶ 6. It also refers to an "Exhibit 'A,'" which was not attached. The December 26, 2012 date is contradicted by the date on the Deed of Trust. *See* RJN Ex. C, ECF No. 7-3. Even on a motion to dismiss, the court need not blindly accept dates alleged in a complaint that are contradicted by judicially noticeable facts. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Baublitz v. W. Valley Coll. Chancellor's Office*, No. C-97-3799 VRW, 1998 WL 345396, at *1 (N.D. Cal. June 16, 1998) (disregarding date alleged in the complaint as contradicted by date that judicially noticed public record was filed and granting motion to dismiss). Accordingly, the court relies on the dates established in the judicially noticed documents.

1  ECF No. 10 at 27. The assignment was recorded in the San Francisco Recorder's office on August
2  6, 2012, at BOA's request. *Id.*
3      On September 13, 2012, Recontrust signed a Notice of Default and Election to Sell under Deed
4  of Trust ("Notice of Default"). *See* RJN, ECF No. 10 at 30-32. The Notice of Default was recorded
5  on September 17, 2012. *Id.* Mr. Homsy alleges that the Property was his principal place of
6  residence at that time. Compl. ¶¶ 23-24. A declaration signed on August 17, 2012 was attached to
7  the Notice of Default in which a BOA, "Mortgage Servicing Specialist I" stated that "Bank of
8  America, N.A. . . . tried with due diligence to contact the borrower in accordance with California
9  Civil Code Section 2923.5." RJN, ECF No. 10 at 33. The declaration bears Mr. Homsy's name and
10 (still) current address as well as the address of the Property. *Id.* On December 21, 2012, Recontrust
11 signed a Notice of Trustee's Sale of the Property, which it recorded on December 26, 2012. *Id.* at
12 35.

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

BOA was "one of the original Lender [*sic*] for Plaintiff's Deed of Trust Deed and Note." Compl. ¶ 1. RCS "was listed as the second original Lender for Plaintiff's Deed of Trust Deed and Note." *Id.* ¶ 2. Recontrust "was listed on the Notice of Default and Notice of Trustee Sale" for the Property. *Id.* ¶ 3.   A number of the general factual allegations challenge the validity of foreclosure documents. These allegations include the following:

- The "Declaration of due Diligence that is required to be attached to the Notice of Default is missing pursuant to *California Civil Code* §2923.5, therefore making the Notice of Default void." *Id.* ¶ 7.

- "[N]one of these alleged beneficiaries or representatives on the Notice of Default and/or notice of Trustee's sale can prove that they have the authority to conduct the foreclosure. *Id.* ¶ 8.

- "[T]he Defendants listed on the Notice of Default and/or Notice of Trustee's Sale were never assigned the rights under this Deed of Trust to conduct a valid foreclosure sale." *Id.*

- "[T]he foreclosure sale of the Subject Property due to the failed notices and unauthorized parties was not executed in accordance with the requirements of *California Civil Code* §2926, §2923.5 and §2923.6." *Id.* ¶ 9.

- Defendants are violating California laws including California Civil Code §§ 2924, 2923.5, and 2923.6. *Id.* ¶ 10.

The complaint also alleges inadequacies in the Notice of Default:

- "Lender . . . did not provide a toll-free number to Plaintiff.  Plaintiff was never contacted to assess their financial situation and was not given any options in order to avoid foreclosure.  Plaintiff would have requested a meeting at their home within 14 days if they had been advised of that option."  *Id.* ¶ 14.

- The required declaration is missing/improper.  The declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning any contact made to Plaintiff.  *Id.* ¶¶ 14, 20

- "The Notice of Default <u>does not</u> have the required agent's personal knowledge of facts and if the Plaintiff borrower was affirmatively contacted in person or by telephone to assess the Plaintiff's financial situation and explore options for the Plaintiff to avoid foreclosure."  *Id.* ¶ 21.

- "[E]mployees and/or agents of Defendant [Recontrust] represented that [they] had contacted Plaintiff to assess his situation.  Defendants recorded a false document known as the Notice of Default with an invalid Declaration.  Furthermore, there was never an assignment from defendants [BOA] or [RCS] to [Recontrust]."  *Id*. ¶ 64

The complaint alleges the following additional facts under the second claim – "For Fraud:"

- "Defendant RECON is not listed anywhere in the Deed of Trust of Promissory Note."  *Id.* ¶ 33.

- The San Francisco Recorder's Office does not contain any evidence of a recorded assignment from Defendants BOA and/or RCS.  *Id.* ¶ 34.

- Recontrust has no lawful security interest in the subject property.  *Id.* ¶ 35.

Based on these factual allegations and additional legal arguments, Mr. Homsy claims to have been damaged in excess of $25,000.00 "and additional costs of moving out of Plaintiffs' property and the costs to relocate back to the subject Property."  *Id.* ¶ 37.

Another set of factual allegations relates to an alleged Pooling and Servicing Agreement ("PSA"):

- "Defendants' PSA contains a duty to maximize net present value to its investors and related parties."  *Id.* ¶ 46.

- "The Joint Economic Committee of Congress estimated in June 2007 that the average foreclosure results in $77,935.00 in costs to the homeowner, lender, local government, and neighbors."  *Id.* ¶ 49.  "Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party.  Freddie Mac places this loss at $58,759.00."  *Id.* ¶ 50.

Finally, the complaint alleges facts relating to credit disclosures:

- "Defendants failed to include and disclose certain charges in the finance charge shown on the TIL statement, which charges were imposed on Plaintiffs incident to the extension of credit to the Plaintiffs . . . . Such undisclosed charges include a sum identified on the Settlement Statement listing the amount financed which is different from the sum listed on the original Note." *Id.* ¶ 69.

Except for the factual allegations above, the complaint consists of conclusory factual allegations and legal argument.

The complaint alleges seven claims: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; (6) unfair competition, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (7) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Though not stated as a claim, the complaint asks for "a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default." *Id.* at 30. In addition, the complaint asks for economic, non-economic, and punitive damages, a restraining order, preliminary and permanent injunctions, cancellation of any future sale, restitution, costs, and fees. *Id.* at 31-31.

### III. PROCEDURAL HISTORY

Mr. Homsy originally filed this suit in San Francisco Superior Court on March 11, 2013. Compl. at 12. BOA and Recontrust removed the case to this court on April 9, 2013. *See* Notice of Removal, ECF No. 1 at 1. BOA and Recontrust alleged on information and belief that RCS had not yet been served. *See id.* ¶ 4. They based federal jurisdiction on the fact that Mr. Homsy had alleged a claim under the Truth in Lending Act, 15 U.S.C. § 1601. *et seq. Id.* ¶ 12; *see* Compl., ECF No. 1 at 29-30. BOA and Recontrust jointly filed a motion to dismiss ("BOA Motion") on April 16, 2013. ECF No. 6. Then, on April 22, 2013, RCS filed its own motion to dismiss ("RCS Motion"). ECF No. 9.

### ANALYSIS

Defendants move to dismiss all of Plaintiff's claims. Mr. Homsy does not oppose many of their arguments, and states that he will file an amended complaint to cure the deficiencies. *See, e.g.,* Opp'n to BOA Motion, ECF No. 16 at 2. This analysis has three sections: the applicable legal standard; the federal claim; and the state-law claims.

## I. LEGAL STANDARD FOR MOTION TO DISMISS

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## II. TRUTH IN LENDING ACT

Mr. Homsy's federal claim arises under TILA, 15 U.S.C. § 1601, *et seq. See* Compl. ¶¶ 66, 69-71. The Truth in Lending Act aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). It "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure

of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). It "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638). TILA disclosure requirements, though, do not apply to forbearance or loan modification agreements that simply reduce the interest rate and payment schedule of a loan. *See Norton–Griffiths v. Wells Fargo Home Mortgage*, 2011 WL 61609, at * 5–7 (D. Vt. Jan. 4, 2011).

Mr. Homsy's TILA claim alleges that BOA and RCS failed to provide certain disclosures when Mr. Homsy took out the mortgage. BOA and Recontrust move to dismiss the TILA claim as inadequately pleaded and barred by the statute of limitations. BOA Motion, ECF No. 6 at 26-27. In opposition, Mr. Homsy states: "In my amended pleading I intend to voluntarily dismiss by 7th cause of action, for violation of the Truth in Lending Act, and I will be amending my other causes of action . . . ." Opp'n to RCS Motion, ECF No. 19 at 3.

Mr. Homsy's statement – that he intends to voluntarily dismiss his seventh cause of action – is noncommittal and does not concede the merits of Defendants' motions to dismiss. And because it is in an opposition brief, it cannot be intended as a voluntary dismissal. *Cf.* Fed. R. Civ. P. 41(a)(1) (plaintiff may voluntarily dismiss an *action* as opposed to only some claims against a defendant); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) (plaintiff may not use Rule 41(a) as a mechanism for dismissing only certain claims; instead, the proper procedure is to amend the complaint). Accordingly, the court holds that Mr. Homsy's statement that he intends to voluntarily dismiss the TILA claim and his failure to defend it is abandonment of the claim. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned two claims by not raising them in opposition to the County's motion for summary judgment); *Green Desert Oil Group v. BP West Coast Prods.*, No. 11–02087 CRB, 2012 WL 555045, at *2 (N.D. Cal. Feb. 21, 2012) (complaint alleged many breaches of contract; defendant moved to dismiss them all; plaintiffs defended only three of the alleged breaches in their opposition); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09–4198, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (deeming

plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims").

The question, then, is whether the court should dismiss the claim with or without prejudice. In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice. *See In re Hulu Privacy Litig.*, No. C 11–03764 LB, 2012 WL 2119193, at *3 (N.D. Cal. June 11, 2012) (discussing case law on this issue). Here, Mr. Homsy does not address the claim (other than to say that he does not plan to pursue it). The court thus dismisses it (as alleged) with prejudice.

### III. SUPPLEMENTAL JURISDICTION

Having dismissed Mr. Homsy's TILA claim, the court must decide whether to retain jurisdiction over his state law claims. In any civil action of which the district court has original jurisdiction, the district court shall have supplemental jurisdiction over related state law claims that are part of the same case or controversy. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a related claim grounded in state law where "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c). The court may also decline to exercise supplemental jurisdiction if the retention of the state claims "requires the expenditure of substantial additional judicial time and effort." *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1548 (9th Cir. 1994); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *see also Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998).

Here, the Plaintiff abandoned the sole basis for federal jurisdiction very early in the proceedings and the court dismissed it with prejudice. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claims and dismisses them without prejudice.[5]

---

[5] This means that this dismissal does not prevent Mr. Homsy from re-filing his claims in state court. In addition, federal law provides that the statute of limitations period for a claim over

However, because Mr. Homsy is proceeding *pro se*, the court will give him one opportunity to amend his complaint in a way that asserts a federal claim or basis for jurisdiction. Should Mr. Homsy decide to file an amended complaint in this court, he should carefully lay out the basis for federal jurisdiction so as to avoid needless motion practice.

## IV.  STATE LAW CLAIMS

Defendants provided the court with compelling justifications to dismiss most, if not all, of Mr. Homsy's state law claims on their merits. The court does not reach these issues. Still, to avoid another round of motion practice should Mr. Homsy assert a valid federal claim, the court briefly addresses two of Defendants' arguments.

### A.  California Civil Code Section 2923.6

Mr. Homsy states that in his amended complaint he intends to re-allege claims under California Civil Code § 2923.6. *See, e.g.,* Opp'n to BOA Mot., ECF No. 16 at 3. In the pending motion, BOA argues that this statute is not privately enforceable. *See, e.g.*, BOA Mot. at 17. BOA's argument is well-taken.

Courts have made clear that there is no private right of action under California Civil Code § 2923.6. *See, e.g., Washington v. Nat'l City Mortgage Co.,* No. 10-5402 SBA, 2010 WL 5211506, at *5 (N.D. Cal. Dec. 16, 2010) ("But even if [the statute applied], § 2923.6 does not create a cause of action for borrowers"); *Owens v. Wells Fargo Bank, N.A.*, No. 09-3354 PJH, 2010 WL 424473, at *2 (N.D. Cal. Jan. 27, 2010) ("However, as defendant notes, section 2923.6 neither grants any right to a loan modification, nor provides a private right of action"); *Reynoso v. Chase Home Finance,* No. 09-02190 MEJ, 2009 WL 5069140, at *4-5 (N.D. Cal. Dec. 17, 2009) (concluding that section 2923.6 does not create a private right of action for violations of its provisions); *Jacobs v. Bank of America, N.A.*, No. 10-04596 HRL, 2011 WL 250423, at *3 (N.D. Cal. Jan. 25, 2011) (dismissing plaintiff's section 2923.6 cause of action on basis that there is no private right of action under this statute). Mr. Homsy should consider the effect of the case law cited above, should he decide to file

---

which the court has exercised supplemental jurisdiction "shall be tolled while the claim is pending and for a period fo 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

an amended complaint.

**B. Fraud Claims**

Defendants also argue that Mr. Homsy failed to plead those claims that are based on fraud with sufficient particularity. *See, e.g.,* BOA Mot., ECF No. 6 at 20. "It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action" when the claim is "grounded in fraud." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003). In order to recover under fraud based claims, a "party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see Vess v. Civa-Geigy, Inc.,* 317 F.3d 1097, 1106 (9th Cir. 2003) (allegations of fraud must include "the who, what, when, where, and how" of the misconduct charged).

In order to survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (*quoting Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). Further, when there are multiple defendants, plaintiffs cannot lump the defendants together, but must differentiate so as to inform each defendant of their alleged wrongdoings. *Swartz*, 476 F.3d at 764 (holding that plaintiffs complaint failed to meet 9(b) requirements when allegations of fraud against multiple defendants did not state specific misconduct of each).

Mr. Homsy does not generally dispute that his complaint was insufficiently specific. *See, e.g.,* Opp'n to BOA Mot., ECF No. 16 at 6. Instead, he claims that these failings will be cured in an amended complaint. *Id.*

## CONCLUSION

Mr. Homsy's seventh claim for violation of the Truth in Lending Act is abandoned and DISMISSED WITH PREJUDICE. Lacking any other basis for federal jurisdiction, the court declines to retain supplementary jurisdiction over the remaining state claims and DISMISSES them

1  WITHOUT PREJUDICE.  Should Mr. Homsy decide to file an amended complaint that establishes a
2  basis for federal jurisdiction, he shall file it within 21 days.  If Mr. Homsy does not file an amended
3  complaint within 21 days, the court may close the case without further notice.
4  **IT IS SO ORDERED.**
5  Dated: June 3, 2013
   _____
   LAUREL BEELER
6  United States Magistrate Judge