UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GEORGE HOMSY, | No. C 13-01608 LB |
| Plaintiff, | **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |
| v. | |
| BANK OF AMERICA, N.A., fka COUNTRYWIDE HOME LOANS; RESIDENTIAL CREDIT SOLUTIONS; RECONSTRUST COMPANY, N.A.; and DOES 1 through 50 inclusive, | |
| Defendants. | |

Plaintiff George Homsy sued Defendants Bank of America, N.A., fka Countrywide Home Loans ("BOA"), Residential Credit Solutions ("RCS"), and Recontrust Company, N.A. ("Recontrust") (collectively, "Defendants") for violation of federal and state law in connection with pending foreclosure proceedings against his property in San Francisco, California.  Complaint, ECF No. 1 at 12.[1]  All three Defendants moved to dismiss the complaint.  *See* Motion (BOA and Recontrust), ECF No. 6; Motion (RCS), ECF No. 9.

On June 3, 2013, the court dismissed Mr. Homsy's sole federal claim with prejudice, declined to retain jurisdiction over the remaining state claims, and dismissed them without prejudice.  *See* Order, ECF No. 28 at 10-11.  The court stated:

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the page number at the top of the page.

C 13-01608 LB
ORDER

1   Should Mr. Homsy decide to file an amended complaint that establishes a basis for federal
2   jurisdiction, he shall file it within 21 days.  If Mr. Homsy does not file an amended complaint within 21 days, the court may close the case without further notice.

*Id.* at 11.

To date, Mr. Homsy has not filed an amended complaint, and the court has received no further indication that he intends to prosecute this action. *See generally* Docket.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995).  These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal.  Mr. Homsy has not filed an amended complaint, even though it is past the court's deadline for doing so.  This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving.  There also is no risk of prejudice to the Defendants.  Finally, the court already tried to move this case along by issuing an order that clearly explained to Mr. Homsy the deficiencies in his complaint, and gave him leave to file an amended complaint that corrects those deficiencies.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Homsy's action for failure to

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

prosecute.[2]  The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 3, 2013

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] The court notes that Defendants BOA and Recontrust filed a motion to dismiss Mr. Homsey's action on July 2, 2013. ECF No. 29. In light of the court's previous warning and the court's decision now, Defendants' motion is moot.